The plaintiff offered a deposition taken in Maryland, which proved the entries in the plaintiff's books to be in the handwriting of a person who was a clerk of the plaintiff's at the time when the entries were made, and who at the time of the deposition taken was on a voyage to the West Indies.
It has been admitted, I believe, in the case cited by Mr. Williams. That case was cited and stated by some of the bar at *Page 364 
Fayetteville, in the course of their argument, some time after it took place. I was informed of the decision soon after it took place, but for my own part I was always opposed to the principle of it, and took the earliest opportunity at the next term after it happened, and at Fayetteville, where the decision was given, to give it my disapprobation. There a case came before the Court where the clerk had gone to Georgia, and it was offered to substantiate the amount by proof of his clerkship to the plaintiff, and that the entries were in his handwriting. This evidence was rejected by myself, and WILLIAMS, J., seemed to concur that the evidence was not proper. I am of opinion most clearly the evidence now offered is improper, and ought not be received for the reasons (459) offered by the defendant's counsel. The admission of such testimony would be immediately followed by a long train of frauds, as the committing of them would be rendered so easy and inviting by it.